UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KATHLEEN R. HANDSHOE et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAY BROTHERS AUTO AND ) <br> RV SALES, LLC et al., ) <br> ) <br> Defendants. ) | Civil Action No. 6:20-CV-257-CHB <br><br> **MEMORANDUM OPINION AND** <br> **ORDER GRANTING PLAINTIFF'S** <br> **MOTION FOR REMAND** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiffs' Motion to Remand this case to state court. [R. 5]. The Motion has been fully briefed [R. 9, 10, 13], and is therefore ripe for a decision. For the reasons explained below, the Court will grant the motion and remand this case back to the Laurel Circuit Court.

## I. Background

While this case is still in its early stages, it appears that some basic facts are not in dispute. Plaintiffs Kathleen Handshoe and her husband, Bee Handshoe, purchased a motorhome from Defendant Day Brothers Auto and RV Sales, LLC, located in London, Kentucky. [R. 1-1 at 2-3]. At some point after the purchase, Bee Handshoe contacted Day Brothers "to arrange for warranty work" on the motorhome. [*Id.* at 3]. Day Brothers took possession of the motorhome but decided that it needed to be sent to Indiana so that the manufacturer there could complete the warranty work. [R. 1-1 at 3; R. 8 at 2]. Day Brothers hired Star Fleet Trucking, Inc. to transport the motorhome to Indiana. [R. 1-1 at 3; R. 1-2 at 2; R. 8 at 2; R. 8-1]. Star Fleet in turn hired a man named Dean Osborn to actually drive the motorhome to Indiana. [R. 1-2 at 2]. However, on the

drive, and while still in Kentucky, Osborn attempted to drive under a bridge or overpass without sufficient height clearance, causing damage to the motorhome. [*See id.* at 3].

Kathleen Handshoe filed a lawsuit in state court on her own behalf and on behalf of the estate of her husband, who had since died. [R. 1-1 at 1-2]. Handshoe named Day Brothers, Star Fleet, and Osborn as defendants, and she asserted several state law claims against them, including negligence and breach of contract claims. [*See id.* at 1-2, 4-7]. Handshoe also repeatedly alleged that neither she nor her husband were aware of the arrangement between the Defendants to transport the motorhome out of state to Indiana. [*See, e.g., id.* at 7; R. 5-1 at 3-4].

Each of the Defendants answered Handshoe's Complaint. [R. 1-2 and 1-3]. Day Brothers also brought a cross-claim against Star Fleet and Osborn, seeking indemnification for any amount for which it is ultimately liable to Handshoe. [R. 1-3 at 5-7]. Star Fleet and Osborn later filed an answer to that cross-claim. [R. 8].

Star Fleet and Osborn removed the case to this Court and represented in their notice of removal that "Day Bros consents to the removal." [R. 1 at 4]. Star Fleet and Osborn argued that the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, completely preempts Handshoe's state law claims because they relate to property damaged in interstate transport.[1] [*Id.* at 3-4]. Thus, Star Fleet and Osborn invoked this Court's federal question jurisdiction. [*Id.*].

---

[1] The Carmack Amendment "created a national scheme of carrier liability for loss or damages to goods transported in interstate commerce." *Exel, Inc. v. Transp., Inc.*, 807 F.3d 140, 148 (6th Cir. 2015). Typically, when a shipper sues a carrier for damages to its goods transported in interstate commerce, the shipper's claims are completely preempted by the Carmack Amendment. *CNA Ins. Co. v. Hyundai Merch. Marine Co.*, 747 F.3d 339, 355 (6th Cir. 2014); *Jackson v. Brook Ledge, Inc.*, 991 F. Supp. 640, 644 (E.D. Ky. 1997) ("The Sixth Circuit . . . [has] held that the Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport. . . . [and] provides the exclusive remedy for an action for damages against a delivering carrier."); *Koolaire, LLC v. Cardinal Transp., Inc.*, 2010 WL 2541812, at *3 (N.D. Ohio May 25, 2010) (explaining that when the Carmack Amendment applies, "[it] converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. § 1441(b).").

Handshoe filed a Motion to Remand the case back to state court. [R. 5]. Among other things, Handshoe argues that the Carmack Amendment does not preempt her claims because she and her husband were neither aware of nor parties to a bill of lading that existed between Day Brothers (the shipper of the motorhome) and Star Fleet (the carrier responsible for transporting the motorhome to Indiana). [R. 5-1 at 4]. Star Fleet and Osborn filed a response in opposition to Handshoe's motion [R. 9], and Handshoe filed a reply brief [R. 10].

Day Brothers subsequently filed a sur-reply in which it stated that it "did not remove this case to Federal Court." [R. 13 at 1]. Day Brothers then emphasized this point, saying, "Defendants Star Fleet Trucking Inc. and Dean Osborn removed the case . . . Day Brothers did not remove the case." [*Id.*]. Day Brothers also noted that it had "previously filed no pleadings on the issue and [has] taken no official position on removal" and, instead, simply offered "no objection." [*Id.* at 2].

## II. Standard for Removal

A civil action is removable to federal court only if a number of requirements are met. For starters, a defendant seeking removal to federal court must obtain the consent of all other properly joined and served defendants. 28 U.S.C. § 1446(b)(2)(A). The United States Court of Appeals for the Sixth Circuit has explained that this "rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Farnsworth v. Nationstar Mortgage, LLC,* 569 F. App'x 421, 424 (6th Cir. 2014) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir. 1999)).

Furthermore, defendants can only remove a civil case if this Court has subject matter jurisdiction in the first place. In other words, a civil action is only removable if the plaintiff could

have originally brought the action in federal court. 28 U.S.C. § 1441(a). In the end, the Sixth Circuit has made it clear that "[t]he party seeking removal bears the burden of demonstrating that the district court has original jurisdiction" and "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006) (internal quotation marks and citation omitted).

### III. Discussion

The Court has significant doubts about whether removal was proper in this case and whether the Court has subject matter jurisdiction over Handshoe's claims. Therefore, the Court will remand this action to state court.

As an initial matter, it does not appear that all of the named Defendants actually consented to removal, as required. *See Farnsworth*, 569 F. App'x at 424. In its sur-reply, Day Brothers highlighted the fact that it "did not remove this case to Federal Court," and emphasized this point by saying, "Defendants Star Fleet Trucking Inc. and Dean Osborn removed the case . . . Day Brothers did not remove the case." [R. 13 at 1] These statements call into question whether the removal in this case complies with the rule of unanimity. *Farnsworth,* 569 F. App'x at 424.

To be sure, the Sixth Circuit has indicated that one defendant may vouch for the consent of another defendant in a notice of removal. In *Harper v. AutoAlliance International, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004), the Sixth Circuit explained that only one attorney of record must sign the notice of removal so long as that attorney certifies that the remaining defendants have consented to the removal. That appears to have happened in this case, as Star Fleet and Osborn represented in its notice of removal that "Day Bros consents to the removal." [R. 1 at 4]. However, that representation was later undercut by Day Brothers' own statement in its sur-reply that it "has previously filed no pleadings on the issue and *taken no official position on removal*,"

4

other than to simply offer no objection. [R. 13 at 2 (emphasis added)]. At a minimum, Day Brothers' latest statements are inconsistent with the representations previously made by Star Fleet and Osborn in the notice of removal, and they raise doubts about whether there is, in fact, unanimous consent on the issue of removal.[2]

Nevertheless, even if all the Defendants have properly consented to the removal of this case to federal court, they have not demonstrated that this Court has subject matter jurisdiction under the Carmack Amendment. 49 U.S.C. § 14706(a)(1) establishes that a carrier is only "liable to the person entitled to recover under the receipt or bill of lading." In this case, it appears undisputed that Star Fleet was the carrier responsible for transporting the motorhome to Indiana, and a bill of lading only existed between it and Day Brothers, the shipper of the motorhome. [R. 5-1 at 4]. In other words, there is no indication or representation in the record that the *Handshoes* were a party to the bill of lading; in fact, it appears they may not have even been aware of it. Given these circumstances, the Defendants have not demonstrated that the Handshoes could have originally brought this action in federal court.

Case law from this Court and other federal district courts supports this conclusion. For example, this Court has previously noted that the Sixth Circuit "has not had the opportunity to provide guidance on whether an owner of cargo not named on the bill of lading has standing to bring a Carmack Amendment claim against the carrier." *Progressive Rail, Inc. v. CSX Transp., Inc.*, No. 3:15-cv-00018-GFVT, 2018 WL 1526331, at *4 (E.D. Ky. Mar. 28, 2018). Similarly,

---

[2] Several district courts have held that such noncommittal "no objection" does not satisfy § 1446(b)(2)(A)'s requirement that "all defendants who have been properly joined and served *must join in or consent* to the removal of the action." *Id.* (emphasis added); *see Renick v. Smith*, No. 1:07-CV-108, 2007 WL 2174653, at *2 (W.D. Ky. July 26, 2007) ("[P]assive consent is not sufficient under the Sixth Circuit's 'rule of unanimity'[.]"); *Cent. Laborers' Pension Fund v. Chellgren*, No. CIV.A. 02-220-DLB, 2004 WL 1348880, at *6 (E.D. Ky. Mar. 29, 2004) ("'Passive acquiescence' is generally viewed as insufficient to comply with the technical pleading and procedural requirements for removal."); *In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig.*, 323 F. Supp. 2d 861, 871 (S.D. Ohio 2004) ("[Defendant's] statements that they consulted with certain defendants and received no objection to removal do not qualify as consent to removal.").

another court has said that it was simply "unable to find any decision which explains how a party that is not the shipper; that is not listed on, or a party to, the bill of lading; that did not possess the bill of lading; that did not negotiate with the carrier; and that was not the receiving party of the shipment, has standing to sue for damage to the cargo under the Carmack Amendment." *Northrich Co. v. Group Transp. Servs., Inc.*, No. 1:13-cv-1161, 2015 WL 1291447, at *5 (N.D. Ohio Mar. 23, 2015). Thus, in that case, the district court determined that the plaintiff could not pursue its claim against the carrier under the Carmack Amendment. *Id.* At the very least, these cases create doubt as to whether the Handshoes' claims are preempted by the Carmack Amendment and whether this Court has subject matter jurisdiction in this action.

It is true that Star Fleet and Osborn cite a number of cases in their response brief to support their argument that the Handshoes' claims do arise under the Carmack Amendment. [*See* R. 9 at 7-11]. Those decisions, however, are either not binding on this Court or they are distinguishable from the facts at hand. For example, Star Fleet and Osborn cite *Banos v. Eckerd Corp.*, 997 F. Supp. 756 (E.D. La. 1998). In that case, the court determined that the plaintiff was a so-called "consignor" of the goods that traveled in interstate commerce, and, as a result, she could recover under the Carmack Amendment for damage or loss to those goods. *Banos*, 997 F. Supp. at 762. Here, however, there is nothing in the record to suggest that the Handshoes were consignors or otherwise entitled to recover under the bill of lading. In fact, while Star Fleet and Osborn specifically cite and discuss the bill of lading in this case, that document does not mention the Handshoes at all. [*See* R. 9 at 7 (citing and discussing the bill of lading at R. 8-1)]. This further suggests that the Handshoes' claims do not arise under the Carmack Amendment. *See also Loves Express Trucking LLC v. Central Transp., LLC,* No. 14-cv-14453, 2016 WL 4493674, at *7 (E.D. Mich. Aug. 26, 2016) (explaining that the plaintiff was "not a party to the

Bill of Lading or Receipt, nor listed as consignee, consignor, shipper, or carrier" and thus the plaintiff's claim did not arise under the Carmack Amendment).

In the end, there are certainly open questions about whether an owner of the goods who is not a party to the bill of lading (and with no apparent right to recover under the bill of lading) can assert a claim under the Carmack Amendment, or similarly have their state claims completely preempted by the Carmack Amendment.[3] That said, the Sixth Circuit has made it clear that the law is about the relationship between shippers and carriers and the rights of shippers to sue under a receipt or bill of lading. *Exel, Inc.*, 807 F.3d at 148-49. Here, since it appears undisputed that Day Brothers was the shipper of the motorhome and the Handshoes were not a party to the bill of lading, there remain doubts as to whether the Defendants have met their burden of demonstrating that this Court has federal question jurisdiction through preemption under the Carmack Amendment. As noted, all such doubts must be resolved in favor of remand. *Eastman*, 438 F.3d at 549-550. Accordingly, the Court concludes that remand is warranted.

**IT IS ORDERED** that:

1. Plaintiff Handshoe's Motion to Remand **[R. 5]** is **GRANTED**.

2. The Clerk's Office is directed to **REMAND** this case back to the Laurel Circuit Court.

3. This action is **STRICKEN** from the Court's docket.

This the 9th day of July, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[3] For example, the owner of the goods who is also not the shipper may have a similar relationship to the carrier as that of a "broker." Because the "broker-carrier relationship" is not a "shipper-carrier relationship," it falls "outside of the preemptive field of the Carmack Amendment." *Exel, Inc. v. S. Refrigerated Transp., Inc.*, No. 2:10-CV-994, 2012 WL 3064106, at *5 (S.D. Ohio July 27, 2012).